The order below is hereby signed.

Signed: February 23, 2006.



‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                          )
                               )
LYNDA A. HOOPER,               )      Case No. 06-00029
                               )      (Chapter 7)
                Debtor.        )

ORDER GRANTING APPLICATION FOR WAIVER OF FILING FEE

On January 30, 2006, the debtor filed an Application for

Waiver of the Chapter 7 Filing Fee for Individuals Who Cannot Pay

the Filing Fee in Full or in Installments (Docket Entry "DE" No.

9).  Pursuant to 28 U.S.C. § 1930 as amended by § 418 of the

Bankruptcy Abuse Prevention & Consumer Protection Act of 2005,

Pub. L. 109-8 (effective October 17, 2005), this court

> may waive the filing fee in a case under
> chapter 7 of title 11 for an individual if
> the court determines that such individual has
> income less than 150 percent of the income
> official poverty line . . . applicable to a
> family of the size involved and is unable to
> pay that fee in installments.

28 U.S.C. § 1930(f)(1).

The debtor's application states that there are five members

of her household, and that she has monthly expenses totaling

$1,281.16.  With respect to income, however, the debtor first indicates that her family has a total combined monthly income of $804.93, as reported on line 16 of Schedule I, yet in the space provided on the application to offer additional information explaining why the debtor is unable to pay the filing fee in installments, the debtor indicates that she earns $1699.17 per month.  The figure of $804.93 was arrived at by subtracting the debtor's stated payroll deductions from her monthly gross wages, whereas the debtor's reference to $1699.17 in monthly income does not appear to take those stated deductions into account.  Even assuming that the larger of the two income figures provided by the debtor is correct, the debtor's annual income would amount to $20,390.04, which falls below the $23,400 poverty line established for a family of 5 by under the 2006 Health & Human services Poverty Guidelines.[1]

The debtor has likewise demonstrated an inability to pay the filing fee in installments.  Notwithstanding the inconsistencies on her application, it is apparent from her schedules that the debtor has a monthly income of $1699.17, less payroll deductions

---

[1]  Section 1930(f) specifies that the "official poverty line" figures used for purposes of the chapter 7 fee waiver refer to those "defined by the Office of Management and Budget ["OMB"], and revised annually in accordance with [§] 673(2) of the Omnibus Reconciliation Act of 1981 . . . ."  The Judicial Conference of the United States interprets this language to refer to the poverty guidelines maintained annually by the U.S. Department of Health and Human Services ("HHS") because the OMB has never issued poverty guidelines or thresholds.

of $894.24, which includes payroll taxes and social security, insurance, union dues, retirement, wage assignment, and car note payments, plus additional monthly expenses of $1281.16, leaving the debtor with no disposable monthly income.[2]

Finally, the debtor's attorney has filed this case without any agreement to receive compensation.  This suggests that the debtor indeed is so strapped that she will not be able to pay either a filing fee or attorney's fees in installments.

Accordingly, it is

ORDERED that the debtor's Application for Waiver of the Chapter 7 Filing Fee (DE No. 9) is GRANTED

[Signed and dated above.]

Copies to: Debtor; Chapter 7 Trustee; Office of U.S. Trustee.

---

[2]  Her recently filed employee income record shows that the wage assignment was $152.10 in her last pay statement.  The court assumes that the wage assignment was for a nondischargeable debt for alimony, maintenance or support excepted from the automatic stay (otherwise the debtor would not have continued to keep the wage assignment in place in light of the automatic stay of 11 U.S.C. § 362(a)).  There was also an "allotment" of $141.00 which was presumably her monthly car payment.  Her year-to-date retirement payments after receiving compensation for work through the pay period ending January 21, 2006, were only $79.47.

3